Dillard, Judge,
dissenting.
Following his convictions on two counts each of rape, aggravated sodomy, and burglary, Paul Tyner appeals, arguing that the trial court erred in allowing him to waive his right to counsel and proceed pro se just prior to closing argument, denying his subsequent request to withdraw his waiver of counsel, and in improperly expressing its opinion on the evidence. Pretermitting his initial argument, the majority agrees that the trial court should have allowed Tyner to withdraw his waiver of counsel and, therefore, reverses his convictions. However, I disagree that the trial court abused its discretion in denying Tyner’s request to withdraw his waiver of counsel. Accordingly, I respectfully dissent.
In this matter, after the State presented its closing argument, Tyner’s counsel advised the trial court that Tyner now wanted to proceed pro se for the remainder of the trial. The court then explained what the remainder of the trial would entail and that Tyner, indeed, had the right to represent himself. Thereafter, the court asked Tyner how he wanted to proceed, and Tyner chose to proceed pro se. The court then instructed defense counsel to remain and advise Tyner if he so requested. And subsequently, the court informed Tyner that *897 during closing argument, he would be bound by the same rules applicable to counsel and limited to discussing evidence adduced at trial and any inferences supported by such evidence.
But, as the majority notes, almost immediately, Tyner violated the court’s instructions and began discussing a Supreme Court holding and evidence outside of the trial record. The State objected, and the trial court reminded Tyner to confine his argument to “the evidence produced during this trial and the logical deductions.” Upon resuming his argument, Tyner began discussing his defense counsel’s alleged deficiencies but was instructed by the court to cease from doing so. After attempting to continue his argument and again drawing an objection from the State, and yet another admonishment from the court that he limit his argument to matters in evidence, Tyner acknowledged his mistakes and asked the court if defense counsel could resume his representation of him. But the court denied his request, stating “the defense is entitled to one argument____I can’t let you toy with the court; you get up and say you want to make the argument and then you say you want your lawyer to make the argument.” Consequently, Tyner continued his closing argument, which drew multiple objections from the State and rebukes from the trial court. And at the trial’s conclusion, the jury found Tyner guilty of all charges.
Tyner now argues, and the majority agrees, that the trial court erred in denying his post-waiver request for counsel. However, I do not agree that the court’s ruling in this regard constituted an abuse of discretion.
Once a defendant properly waives his Sixth Amendment right to counsel, “that right is no longer absolute.”[8] But the right to counsel does not evaporate following a valid waiver, and a defendant “may make a post-waiver request for counsel if, for example, he discovers he is overwhelmed by the trial process.”[9] Importantly, whether to grant or deny a defendant’s post-waiver request for counsel is “within the broad discretion of the trial court.”[10] Furthermore, in considering a post-waiver request for counsel, a trial court “may consider, among other things, the timing of the request.”[11] And as the trial date draws nearer, the trial court “can and should consider the practical concerns *898 of managing its docket and the impact that a request may have on its general responsibilities for the prudent administration of justice.”[12]
Decided November 20, 2015.
James C. Bonner, Jr., for appellant.
Julia F. Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney, for appellee.
Here, although Tyner’s post-waiver request for his counsel to resume representing him was unlikely to cause significant disruption of the trial, this Court has previously held that a trial court’s refusal to countenance this type of hybrid representation does not constitute an abuse of discretion.[13] Thus, because Tyner had already begun his closing argument, regardless of its efficacy, the trial court did not abuse its discretion by refusing to allow Tyner to withdraw his prior waiver of counsel.[14]
For all of the foregoing reasons, I respectfully dissent.
I am authorized to state that Judge Ray joins in this dissent.

 Wilkerson v. State, 286 Ga. 201, 204 (2) (b) (686 SE2d 648) (2009).

 Id.

 Id.

 Id.

 Id. (punctuation omitted).

 See Davis v. State, 304 Ga. App. 355, 362 (3) (696 SE2d 381) (2010) (holding that trial court’s refusal to allow defendant’s standby counsel to take over the cross-examination of a witness already begun by defendant acting pro se did not constitute an abuse of discretion); see generally Schwindler v. State, 254 Ga. App. 579, 588 (9) (563 SE2d 154) (2002) (noting that a defendant has no right to hybrid representation of acting pro se and having appointed counsel).

 See id.